U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CDT INTERNATIONAL, INC.** | **CIVIL ACTION NO. 07-0873-A** |
| -vs- | **JUDGE DRELL** |
| **RAMCO POWER SYSTEMS, LLC** | **MAGISTRATE JUDGE KIRK** |

### RULING

On August 17, 2007, plaintiff, CDT International, Inc. ("CDT") requested that this Court issue a general attachment of all property belonging to the defendant, Ramco Power Systems, LLC ("Ramco"). (Document No. 16.) Because the application for the attachment failed to delineate any specific property, we denied the request. Following the denial, CDT amended its motion to specify a bank account purportedly owned by Ramco and requested that we order the account attached. (Document No. 19.) Based upon the affidavit of Johnny F. Wagner, Jr., CDT's hired process server, and an affidavit from one of its executives, we ordered the attachment. (Document No. 22.)

The essence of CDT's case favoring attachment was its recitation that Ramco's places of business were closed down and the premises were abandoned, Ramco's web site was deactivated, and that the process server had only been able to serve the agent for service, Mrs. Kathy Ramos, after great difficulty. This latter situation CDT and its process server interpreted as Ramco's agent's having concealed herself to avoid service of process. The activity in which Wagner was

forced to engage to perfect service was detailed and did reflect avoidance of service and the obvious public appearance that Ramco was out of business.

Now Ramco has moved to dissolve the attachment, seeking damages and attorneys fees for alleged wrongful issuance and failure to post a bond. At the dissolution hearing ordered by the Court and held on September 19, 2007, Ramco's attorney filed, without objection, an affidavit which purported to countervail Wagner's affidavit. Ramco now argues that there are explanations as to why Ramco no longer has an operating business premises, that the business is still in operation but from the Ramos home, that the equipment is at another [undefined] location, and that Ramco's web site is in operation. Significantly neither party at the hearing called any witnesses. We must only, then, determine the efficacy of the motion to dissolve without live testimony. Louisiana Code of Civil Procedure Article 3506 appears to contemplate live testimony on a motion to dissolve an attachment, but neither party objected to the use of the opponent's affidavits.

Based upon the evidence at this point, the writ of attachment will be maintained, as to the described bank account. While Mrs. Ramos did, finally, appear for service in a public parking lot, it was only after extensive effort by a dogged process server. The absence of an active business premises, the unavailability of proper contact information for service, and the evasive answers

given to Wagner are quite persuasive that there is substantial trouble on defendant's business situation.

To the extent that there is language in CDT's attachment application which purports to make any writ granted by the court of general application, that interpretation is incorrect and that relief is denied. The continuation of the attachment is, however, conditioned upon CDT's giving security through a bond with a good and solvent surety in the fixed amount of $188,593.00, to be filed with the Clerk of Court on or before October 5, 2007. Article 3507 of the Louisiana Code of Civil Procedure is specifically applicable to the captioned proceeding, and this Ruling is not intended to be determinative of any future motion to dissolve after discovery nor on a reconventional demand. See La. C.C.P. article 3506. Likewise, CDT is not barred from seeking further attachment of specific property upon proper showing as this case develops.

Obviously, because of this Ruling, the motion for damages and attorney's fees is denied.

A separate judgment in accord with this Ruling will be signed.

SIGNED on this 24 day of September, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE